# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**KEVIN PEGRAM,**
**Claimant Below, Petitioner**

**FILED**

August 24, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 16-0921**  (BOR Appeal No. 2051128)
(Claim No. 2014021286)

**SPEED MINING, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Kevin Pegram, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Speed Mining, LLC, by Henry C. Bowen, its attorney, filed a timely response.

The issue on appeal is an award of permanent partial disability benefits. On September 10, 2014, the claims administrator granted Mr. Pegram a 2% permanent partial disability award. The Office of Judges affirmed the award of 2% permanent partial disability in its March 1, 2016, Order. The Order was affirmed by the Board of Review on August 31, 2016. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Pegram, an underground coal miner, was shoveling sludge on January 21, 2014, while working at Speed Mining LLC, when he felt pain in his right shoulder. The next day, he was treated at Raleigh General Hospital and diagnosed with a right shoulder sprain. The claim was held compensable for a right shoulder strain/sprain on February 6, 2014. A February 19, 2014, right shoulder MRI revealed the possibility of a SLAP 3 tear, moderate spurring at the acromioclavicular joint, and swelling with the acromioclavicular and coracoclavicular ligaments. Matthew Nelson, M.D., performed a right shoulder arthroscopy with decompression and labral repair for a pre-operative diagnosis of right shoulder labral tear on April 1, 2014.

1

Joseph Grady, M.D., performed an independent medical evaluation on July 29, 2014. Dr. Grady noted Mr. Pegram attended physical therapy from April 7, 2014, through the week of July 22, 2014. Additionally, he had been released to return to work and from Dr. Nelson's care on July 22, 2014. Dr. Grady assessed status post right shoulder arthroscopic decompression and labral repair. Dr. Grady assessed 4% impairment of the right upper extremity based on loss of range of motion. The 4% right upper extremity impairment converted to 2% whole person impairment.

The claims administrator granted 2% permanent partial disability on September 10, 2014, based on the report of Dr. Grady. Mr. Pegram's attorney requested that right shoulder labral tear be added as a compensable component in the claim on October 8, 2014, and the claims administrator granted the request on October 24, 2014. After the entry of those decisions of the claims administrator, Mr. Pegram had three additional independent medical evaluations.

First, Robert Walker, M.D., performed an independent medical evaluation on December 16, 2014. Dr. Walker assessed 15% upper extremity impairment for the right arm based on loss of range of motion. The 15% right upper extremity impairment converted to 9% whole person impairment for the right upper extremity. Next, H.R. Fleschner, D.C., performed an independent medical evaluation on February 23, 2015. Dr. Fleschner assessed 15% upper extremity impairment for the right upper extremity based on loss of range of motion. This converted to 9% whole person impairment.

Finally, Prasadarao Mukkamala, M.D., performed an independent medical evaluation on September 24, 2015. Dr. Mukkamala assessed 2% whole person impairment based on loss of range of the right upper extremity. Dr. Mukkamala noted the medical records of Dr. Nelson showed Mr. Pegram had full range of motion of the right shoulder when Dr. Nelson examined him on July 3, 2014. Dr. Mukkamala also noted Mr. Pegram's abduction had improved in the time between Dr. Nelson's evaluation and his evaluation. In Dr. Mukkamala's opinion, it was inconceivable that Mr. Pegram's condition could have worsened in the time between Dr. Grady's evaluation and his evaluation. Therefore, he questioned the credibility of the range of motion findings that were reported by Dr. Walker and Dr. Fleschner.

On March 1, 2016, the Office of Judges affirmed the claims administrator's September 10, 2014, award of 2% permanent partial disability. It noted that the evaluations of Drs. Grady and Mukkamala were very similar. Dr. Mukkamala's evaluation showed slightly improved range of motion from that of Dr. Grady. Mr. Pegram had significantly worsened range of motion when he was evaluated by Dr. Walker on December 16, 2014, and by Dr. Fleschner on February 23, 2015, than he did when he was evaluated by Dr. Grady on July 29, 2014, and Dr. Mukkamala on September 24, 2015. The Office of Judges determined that if Mr. Pegram's condition had devolved so much in between examinations, it would have appeared that he needed further treatment and could not have attained maximum medical improvement. However, all four physicians opined he had reached maximum medical improvement. Additionally, Mr. Pegram did not receive additional treatment between the time of Dr. Fleschner's evaluation and the time of Dr. Mukkamala's evaluation. Assuming the evaluations by Drs. Walker and Fleschner were valid, Mr. Pegram had improved considerably by the time he saw Dr. Mukkamala. The Office of

2

Judges determined any condition that would have increased the impairment rating assessed by Drs. Walker and Fleschner had to have been temporary as Mr. Pegram was much improved when Dr. Mukkamala evaluated him. Therefore, the Office of Judges found that a preponderance of the evidence supported the claims administrator's award of 2% permanent partial disability.

On August 31, 2016, the Board of Review adopted the findings of fact and conclusions of law and affirmed the Office of Judges. After review, we agree with the Board of Review. Dr. Grady's independent medical evaluation was performed one week after Mr. Pegram completed physical therapy and five days after that he was released to return to work and released from his treating physician's care. More than one year later, Dr. Mukkamala assessed the same degree of impairment. The Board of Review did not err in relying on those evaluations

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: August 24, 2017**


**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

3